[Ort's Appeal.]

the provisions of the act, to which this is a supplement, as will cover the same."

# The Phœnix Iron Co. *versus* The Commonwealth.

1. The tax chargeable by the acts of April 29th 1844, § 33, and April 12th 1859, § 1, on the capital stock of corporations although measured by the rate of their dividends, is not a tax *upon dividends*.

2. Companies paying such tax and none on dividends, are liable to be taxed on net earnings under the Act of April 30th 1864, § 2.

May 10th 1868. Before THOMPSON, C. J., STRONG, READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Dauphin county*; No. 37, to May Term 1868.

In the court below this was an appeal by the Phœnix Iron Company from the settlement of the accounting officers of the Commonwealth, charging them with taxes on their net earnings

[Phœnix Iron Co. v. Commonwealth.]

under the Act of April 30th 1864, § 2, Pamph. L. 218, Purd. 1377, pl. 3.

The company was incorporated by the Commonwealth of Pennsylvania, and is doing business at Phœnixville, in that state.

The 1st section of the Act of 1864 provides for the taxation of railroad, steamboat companies, &c.

The 2d section provides that " every private banker, &c., every gas company, &c., and all other companies and corporations doing business in this Commonwealth, except those specified in the 1st section of this act, *not paying a tax to the state upon dividends under existing laws*, shall annually, upon the 1st day of November of each year, make report to the auditor-general, &c., setting forth the amount of net earnings or income received by them from all sources during the preceding year, and upon such net earnings or income they shall pay to the treasurer for the use of the state within sixty days thereafter three per centum upon such annual net earnings or income in addition to the taxes now imposed by existing laws."

The company had made returns and paid taxes under the 33d section of the Act of April 29th 1844, Pamph. L. 497, and 1st section of the Act of April 12th 1859, Pamph. L. 529, Purd. 949, 951, pl. 118, 127.

By the Act of 1844, " The amount of the tax chargeable on the capital stock of all institutions and companies incorporated by or under any law of this Commonwealth, on which a dividend or profit of six per cent. per annum or more shall be made and declared, shall be at the rate of one half-mill on each one per cent. of such dividend or profit, &c., and in all cases where any such institution or company shall fail to make and declare any dividend or profit, or shall make or declare a dividend or profit of less than six per cent. per annum, the cashier or treasurer, &c., shall, between the 1st and 15th day of November, annually, estimate and appraise the capital stock of such institution or company, at its actual value, in cash, and when the same shall have been so estimated and appraised, they shall, forthwith, forward a certificate thereof to the auditor-general, &c.; and the said cashier or treasurer is hereby authorized and required, on or before the 15th day of January then next, to transmit to the treasury of the Commonwealth, out of the funds of said institution or company, a sum equal to three mills on every dollar of the value of the capital stock thereof so estimated and appraised, &c."

The Act of 1859 provides that " The capital stock of all banks, savings institutions, and companies whatever, incorporated by or under any law of this Commonwealth, shall pay a tax into the treasury of the Commonwealth annually, at the rate of one half-mill for each one per cent. of a dividend made or declared by such bank, savings institution, or company; and in case of no

dividend being made or declared by such bank, savings institution, or company, then three mills upon a valuation of the capital stock of the same agreeably to the 33d section of the Act of 29th April, 1844," &c.

The Act of April 9th 1867, §§ 2 and 3, Pamph. L. 58, Purd. 1473, pl. 2, 3, provides, " That in the settlement of accounts for taxes due by incorporated companies, &c., the auditor-general and state treasurer shall charge interest upon the balance or balances, found due the Commonwealth by such companies, at the rate of twelve per centum per annum from the time said taxes become due and payable to the time of the settlement of the same.

Sect. 3. " That hereafter all balances due the Commonwealth, by any corporation, on accounts settled agreeably to the provisions of the Act of March 30th 1811, or any other Act of Assembly, shall bear interest from thirty days after the date of settlement, at the rate of twelve per centum per annum until the same are paid."

The accounting officers of the Commonwealth settled the account of the company, April 26th 1867, charging them with taxes at 3 per cent on their net earnings, $61,215.12, making the balance due by them at that date $1836.45. The company appealed, alleging that the tax paid by them under the Acts 1844 and 1859 was a tax on dividends.

On the trial of the appeal, Judge Pearson, in his charge, considered the questions :—

" First, is the company liable to a tax on its net earnings or income under the second section of the Act of April 30th 1864 ? And second, must it be charged with interest on the balance found due to the Commonwealth, at the rate of twelve per cent. per annum, from thirty days after the date of the settlement by the accounting department until the same is paid, as provided in the 3d section of the Act of April 9th 1867."

After fully examining and comparing the various tax laws, the judge concludes :—

" We are therefore clearly of opinion that this company pays no tax but on its capital stock only, and must consequently pay the tax charged against it in the settlement from which it has taken an appeal."

He also charged that they were liable for interest at the rate of 12 per cent. per annum, on the balance found against them after 30 days from the date of the settlement.

The jury found for the Commonwealth $1958.85.

On writ of error by the company they assigned for error, that the court charged they were liable for tax on their net earnings, and for interest at 12 per cent. on the balance found to be due by them on the settlement.

[Phœnix Iron Co. *v.* Commonwealth.]

*J. B. Townsend* and *J. C. Kunkel*, for plaintiffs in error.—On the question of taxation they referred to the Acts of 1844, 1859 and 1864, *supra;* June 11th 1840, § 1 Pamph. L. 612; April 2d 1856 (Insurance), § 16, Pamph. L. 215; February 23d 1866, § 1, Pamph. L. 82; April 12th 1867, § 1, Pamph. L. 74, Purd. p. 950, pl. 119, p. 552, pl. 17, p. 1445, pl. 1, p. 1480, pl. 8; Commonwealth *v.* Wyoming Canal Co., 14 Wright 410 ; Commonwealth *v.* Clev., P. & A. Railroad Co., 5 Casey 370 ; Mintzer *v.* Montgomery County, 4 P. F. Smith 139 ; School Directors *v.* Carlisle Bank, 8 Watts 291 ; Spangler *v.* York County, 1 Harris 328 ; New York & Erie Railroad *v.* Sabin, 9 Casey 245. On the question of interest: the charge of twelve per cent. is penal, and is not intended to apply to those who in good faith deny their liability, and pursue the course authorized by law to test their liability.

*Brewster*, Attorney-General, for Commonwealth, referred to the Acts of Assembly cited for the plaintiffs in error, also acts of June 16th 1836 (Iron Companies), § 10, Pamph. L. 802 ; April 16th 1850 (Banks), § 21, Pamph. L. 487 ; May 1st 1861 (Free Banks), § 23, Pamph. L. 82, Purd. p. 567, pl. 11, p. 99, pl. 84, p. 82, pl. 23 ; Lehigh Crane Iron Co. *v.* Commonwealth, 5 P. F. Smith 448.

The opinion of the court was delivered, May 27th 1868, by

AGNEW, J.—The important question in this case is whether a tax upon capital stock, imposed under the Acts of 29th April 1844, Purd. 949, pl. 118, and 12th of April 1859, Purd. 951, pl. 127, is a tax upon *dividends*, within the meaning of the words "not paying a tax to the state upon dividends under existing laws" contained in the second section of the Act of 30th April 1864, Purd. 1377, pl. 3. The tax on dividends is a well-known mode of raising revenue for the state upon corporations, and was in its origin chiefly confined to banks. The Act of 1st April 1835, Pamph. L. 99, which is but a reiteration of the same mode of taxation, subjected the banks of the Commonwealth to a graduated tax directly upon their dividends, increasing in progression from eight to eleven per cent. In all subsequent charters the same mode of taxation was pursued. The General Banking Act of 16th April 1850, § 21, Purd. 99, pl. 84, and the Act relating to banking companies of 1st May 1861, § 23, Purd. 82, pl. 23, laid the taxes upon dividends in like manner, but increasing the gradation until it arose to a thirty per cent. tax on a twenty-five per cent. dividend. The Act for the incorporation of iron manufacturing companies of 16th June 1836, § 10, Purd. 567, pl. 11, also imposed a tax on dividends of eight per cent. In all instances of a tax upon dividends, it was laid directly upon the

[Phœnix Iron Co. *v.* Commonwealth.]

dividend itself, without reference to the stock, e. g., on dividends not exceeding six per cent., eight per cent.; exceeding six and not seven, nine per cent., &c. But the Act of 29th April 1844, § 33, charged the tax which it imposes directly upon the capital stock of the corporations of this state. If a company declared a dividend or profit of six per cent. on the capital, the tax was to be measured at the rate of one half mill on each one per cent. of the dividend or profit; but when the corporation failed to make dividends or declared less than six per cent. per annum, then a valuation of the stock itself was to be made and returned, and the tax was to be " a sum equal to three mills on every dollar of the value of the *capital stock* thereof so estimated and appraised." If the corporation had not sufficient funds to pay the tax, the cashier or treasurer was to notify the stockholders to pay the same in proportion to their stock; and on failure, so much of their stock should be sold as was required to pay their proportion. The first section of the Act of 12th April 1859, also imposed the tax on the *capital stock,* but changed the Act of 1844 so far as, instead of a valuation of the stock when the dividend fell below six per cent., to require payment of the tax at the rate of a half mill for each one per cent. of dividend made or declared, and provided for the valuation of the stock according to the Act of 1844, only when the corporation failed to make or declare any dividend. The first proviso in this section itself makes the distinction between the two species of taxes. It declares " that any institution or company (except banks of issue), now liable for a tax on *capital stock,* as also *upon dividends,* shall from henceforth be exempt from any tax upon dividends." Of course it remained liable to the tax on capital stock. The distinction was still kept up by the Act of 24th of March 1860, Purd. 956, pl. 158, which relieved banks of discount and deposit and savings institutions, which had been placed by the Act of 1859 on the same footing with banks of issue, from the tax on their dividends. The meaning of a tax on dividends was thus well known in the legislation of the state, and therefore when the Act of 30th April 1864, subjected all corporations to a tax on their earnings or income except those paying a tax on dividends, it was clearly not intended to exempt from the new tax those merely paying a tax on their capital stock. It is not alleged that the Phœnix Iron Company pays any tax on dividends as such, further than the tax on capital graduated by their dividends under the Act of 1859, would be so considered. As the tax on capital is not to be so considered, the consequence is that this iron company was properly rated with its earnings or income tax.

The rate of interest upon the balance found due for taxes was correctly adjudged by the court below under the provisions of the Act of 9th April 1867, Pamph. L. 58.

Finding no error in the record the judgment is affirmed.